UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JOSEPH CHAYOON
Petitioner,

V.

THE HARTFORD CURRENT
Respondent.

MISC 06 045
Case No.:

May 25, 2006

PETITION FOR DECLARATORY AND INJUNCTIVE RELIEF

Now come the Petitioner in the above-entitled matter and pursuant to the Declaratory Judgment Act, 28 USC 2201(a) petitions this honorable court to declare and to order an Injunctive Relief for the Petitioner and against the Respondent in the within entitled matter.

FACTS

The Petitioner was a Table Game Supervisor at Foxwoods Casino from February 4, 1992 until his termination on August 29, 2000. Prior to his employment at Foxwoods the plaintiff has over 10 years experience in the gaming industry in Atlantic City NJ. On 1991 he was recruited to help the Mashantucket Indians to open up Foxwoods Casino in Ledyard, CT He has received a Top of the Class Yearly Evaluations year after year. On June of 2000 the Petitioner requested a Family Medical Leave to attend to his seriously ill mother pursuant to the Family Medical Leave Act (1993) and Tribal Policy 13. Sec 3. He has supplied the Human Resources with all the requested documentation and his request for the leave was granted.

Upon his timely return from the leave he was notified via a letter in the mail about his termination for taking that approved leave. all his request to be heard was denied by upper management.

The Wage & Hour Division of the Dep. of Labor conducted investigation in the case

and concluded that Foxwoods Casino is an obligated employer to the Family and Medical Leave Act, that the Petitioner was entitled for a leave under the Act, and that Foxwoods committed several violation on the Act when they have illegally terminated the Petitioner.

Ms. Marietta Anderson the Tribal Legal Attorney agreed with the findings of Department of Labor that the Petitioner was eligible for a leave under the FMLA but stated that Federal Labor Law DO NOT apply to Foxwoods and their employees since they are Long Arm of the Tribe and as such they can violate any Federal Law they wish and claim immunity from suit.

On August 29, 2003 the petitioner file a Complaint at the Connecticut Superior Court against 8 non-Indian individuals in the Management staff of Foxwoods for violation of the Family and Medical Leave Act. Tribal attorney answered in a way of a Motion to Dismiss stating that Foxwoods Casino is a long arm of the tribe and anyone of its employees and agents who violated any Federal Labor Law, and any law for that matter, while working at Foxwoods enjoy Tribal Sovereign Immunity and CANNOT be tried in any State nor Federal court. On April 23, 2004 the court delivered it decision to grant to any employee of Foxwoods Casino violating any Federal Law while working at Foxwoods the same Sovereign immunity granted to the Indian Tribe acting in governmental issue of the tribe.

On may 3, 2004 the plaintiff filed for an Appeal at the Appellate Court of Connecticut and right after, contacted the Hartford Current Newspaper, spoke with Ms. Nancy Schoefler in charged of the Statewide Education, Health and Gambling, reported the very important court decision and acknowledged her of the fact that the Petitioner filed for an Appeal at the Connecticut Appellate Court.

Ms. Schoefler showed a lot of interest in the subject and asked the Petitioner to send any material and information he can about the case since she would very much like to write a news report about this very important Court decision

The petitioner sent all the information about the case, his story, the Department of

Labor's investigation report in his case which found Foxwoods in several violations of the FMLA and par Ms. Schofler request, he even included a copy his brief to the Appellate Court. The Petitioner agreed to be interviewed by the paper reporter as requested by Ms. Schofler.

About 10 days prior to the scheduled Hearing at the Appellate Court the petitioner contacted Ms. Schofler and notified her about the hearing date, and one day prior to the hearing day Ms. Schofler contacted the Petitioner, inquired about the schedule for the hearing at the Appellate court the next day, notified the petitioner about her intention to send a reporter to the court for the hearing and stated that in any case she would schedule an interview with the petitioner soon after the hearing at the Appellate Court which took place on Feb. 17, 2005. Several massages left by the petitioner to Ms. Schofler regarding the case and the interview were not answered, and until the date of this Petition no Interview was scheduled by Ms. Schofler nor by any reporter of the Hartford Currant and to the petitioner's best knowledge the Respondents never reported anything about the within matter which has a very much public interest since Foxwoods entertains millions of visitors and employs over 14,000 individuals, and court decision that Foxwoods' employees, agents, and management enjoy immunity from suit in any State and Federal Courts for being a long arm of an Indian tribe should be reported.

FIRST CLAIM OF RELIEF

The above decision of the Hartford Currant NOT to publish any report of the very important and full of public interest Connecticut Courts' rulings that agents and employees of Foxwoods can escape the law of the land by claiming Tribal immunity from suit and the fact that the Courts of Connecticut has given all foxwoods management, employees, and agents the green light to violate any Federal Law they wish while working at Foxwoods and then to escape the law by simply rasing the flag of Tribal Sovereign Immunity, is in DEFIANCE of the FIRST AMENDMENT "Freedom of Speech" and the "Right of People to Know"

Since the Hartford Currant had knowledge about the within matter, showed much interest,

requested and received the petitioner's full cooperation and emphasized the importance of "letting the public know" and be aware of the court ruling, and the great affect this decision of the court has over American Democracy, its citizens and patrons & employees of Foxwoods, the decision of the Hartford Currant to "NOT LETTING THE PEOPLE KNOW" is in defiance and violation of the First Amendment's Freedom of Speech and the Right of People to Know.

The decision of the Hartford Current to defy the First Amendment and NOT to publish the court's ruling and the story behind it, while being awere of its magnitude and its enormous importance to the public knowledge and the right of their readers and the people to know, all that for reasons other then genuine, decision which was influenced by the paper's special relation with Foxwood through advertising and other sources of influence, was unconstitutional, and undemocratic. The petitioner prey the court to declare that the Hartford Currant actions in the within mater was in violation of the First Amendment of the Constitution and to order the Respondents to publish the court's ruling accompanied with the story behind it, after interviewing the petitioner so the true fact would be presented in a good faith by the paper.

Furthermore, the Petitioner pray that the court would penalized the respondents for their deliberate unconstitutional violations of the First Amendment and to award the Petitioner such additional relief as may by just, proper, and equitable, including cost.

Respectfully submitted

Joseph Chayoon

Joseph Chayoon
Petitioner, Pro-se.
P.O. Box 1535
Westerly, RI 02891
Phone (401)322-9131