UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JOSEPH CHAYOON            :
                                                 :
           v.                         :     C.A. No. 06-259S
                                                 :
THE HARTFORD CURRENT[1]     :

**REPORT AND RECOMMENDATION FOR
SUMMARY DISMISSAL PURSUANT TO 28 U.S.C. § 1915(e)**

Lincoln D. Almond, United States Magistrate Judge

**Background**

Before this Court for Determination is Plaintiff's Application to Proceed In Forma Pauperis ("IFP") (Document No. 2) pursuant to 28 U.S.C. § 1915. On May 25, 2006, Plaintiff Joseph Chayoon filed a Petition for Declaratory and Injunctive Relief against The Hartford Current (the "Newspaper") alleging that the newspaper's failure to report on his Connecticut court case against several employees of the Foxwoods Casino violated his First Amendment rights. Plaintiff's Petition was accompanied by an Application to Proceed IFP without being required to prepay costs or fees, including the $350.00 civil case filing fee. This Court also notes that Plaintiff was granted IFP status previously in this District in Chayoon v. Foxwoods, C.A. No. 03-366T. After reviewing Plaintiff's Application signed under penalty of perjury, this Court concludes that Plaintiff is unable to pay fees and costs in this matter and thus, Plaintiff's Application to Proceed IFP (Document No. 2) is GRANTED.

---

[1] Plaintiff identifies the Defendant in this case as both The Hartford Current and The Hartford Currant Newspaper. This Court believes that Plaintiff is referring to The Hartford Courant which is a major Connecticut Newspaper. Defendant will be referred to generally as the Newspaper to avoid confusion.

However, having granted IFP status to Plaintiff, this Court is also required by statute to further review the Plaintiff's Petition *sua sponte* under 28 U.S.C. § 1915(e)(2) and to dismiss this suit if it is "frivolous or malicious," or "fails to state a claim on which relief may be granted." For the reasons discussed below, this Court recommends that Plaintiff's Petition be DISMISSED WITH PREJUDICE because it is "frivolous" and/or "fails to state a claim on which relief may be granted" pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

### Facts

Plaintiff alleges that, in 2003, he filed suit in Connecticut Superior Court against several Foxwoods' employees for violation of the Family and Medical Leave Act. The Superior Court found against Plaintiff, and he appealed to the Connecticut Appellate Court in 2004. Plaintiff alleges that he spoke with an editor of the Newspaper regarding this "very important court decision," and that he agreed to her request for an interview. Plaintiff alleges that the editor also intended to send a reporter to the Appellate Court hearing scheduled for February 17, 2005.

Plaintiff contends that the interview was never conducted and that the Newspaper never reported anything about his case "which has a very much public interest since Foxwoods entertains millions of visitors and employs over 14,000 individuals, and [a] court decision that Foxwoods' employees, agents, and management enjoy immunity from suit in any State and Federal Courts for being a long arm of an Indian tribe should be reported." Plaintiff argues that the Newspaper's failure to report on his case violated the First Amendment to the United States Constitution.

### Standard of Review

Section 1915 of Title 28 requires a federal court to dismiss an action brought thereunder if the court determines that the action "fails to state a claim on which relief may be granted." 28

U.S.C. § 1915(e)(2)(B)(ii). The standard for dismissal of an action taken IFP is identical to the standard for dismissal on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6). See Fridman v. City of N.Y., 195 F. Supp. 2d 534, 538 (S.D.N.Y. 2002). In other words, the court "should not grant the motion unless it appears to a certainty that the plaintiff would be unable to recover under any set of facts." Roma Constr. Co. v. aRusso, 96 F.3d 566, 569 (1st Cir. 1996). Section 1915 also requires dismissal if the court is satisfied that the action is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A claim "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The First Circuit has held that the affirmative defense of the statute of limitations may justify dismissal under Section 1915, see Street v. Vose, 936 F.2d 38, 39 (1st Cir. 1991), and other courts have upheld dismissals under Section 1915 because of other affirmative defenses appearing on the face of a complaint. See e.g., Kimble v. Beckner, 806 F.2d 1256, 1257 (5th Cir. 1986).

### Discussion

This Court is recommending that Plaintiff's Petition be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2). In making this recommendation, this Court has taken all of the allegations in Plaintiff's Petition as true and has drawn all reasonable inferences in his favor. Estelle v. Gamble, 429 U.S. 97 (1976). In addition, this Court has liberally reviewed the Plaintiff's allegations and legal claims since they have been put forth by a *pro se* litigant. See Haines v. Kerner, 404 U.S. 519, 520-521 (1972). However, even applying these liberal standards of review to Plaintiff's Petition, there are two fundamental legal deficiencies apparent from its face which warrants its summary dismissal. These deficiencies are discussed in more detail below.

Plaintiff's First Amendment claim suffers from two legally fatal defects. First, the First Amendment (on its own and as applied to state action via the Fourteenth Amendment's due process clause, see Gitlow v. New York, 268 U.S. 652 (1925)) applies only to governmental action. Plaintiff brings this suit against a private actor, a newspaper, and thus he fails to state a legally viable claim under the First Amendment.

Second, newspapers do not have any general legal obligation to report on particular matters. Newspapers have limited space for news content and, every day, numerous individuals and organizations vie for a piece of that space. As does Plaintiff in this case, those individuals and organizations believe that their story is one of important public interest that should be reported. However, under the law, "[t]he blanket prohibition against access requirements to newspapers is well established." Berkshire Cablevision of Rhode Island, Inc. v. Burke, 571 F. Supp. 976, 982 (D.R.I. 1983). See also Homefinders of America, Inc. v. Providence Journal Co., 621 F.2d 441, 444 (1st Cir. 1980) (noting that the Court would "hesitate long" before holding that a newspaper could be forced to publish something "against its will"). In Miami Herald Publ'g Co. v. Tornillo, 418 U.S. 241, 259 (1974), the Supreme Court held that a Florida law requiring newspapers to provide access to reply to a negative editorial violated the First Amendment. The Court stated:

> [T]he Florida statute fails to clear the barriers of the First Amendment because of its intrusion into the function of editors. A newspaper is more than a passive receptacle or conduit for news, comment, and advertising. The choice of material to go into a newspaper, and the decisions made as to limitations on the size and content of the paper, and treatment of public issues and public officials – whether fair or unfair – constitute the exercise of editorial control and judgment. It has yet to be demonstrated how governmental regulation of this crucial process can be exercised consistent with First Amendment guarantees of a free press as they have evolved to this time.

Id. at 258. Since the law is clear that the Newspaper's editorial decision not to report on Plaintiff's case is not actionable, Plaintiff's Petition fails to state a claim upon which relief can be granted. Thus, this Court recommends that Plaintiff's Petition be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## Conclusion

For the reasons stated, Plaintiff's Motion to Proceed In Forma Pauperis (Document No. 2) is GRANTED. In addition, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii), this Court further recommends that Plaintiff's Petition (Document No. 1) be DISMISSED WITH PREJUDICE, and that Final Judgment be entered against Plaintiff in this matter.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Lincoln D. Almond

LINCOLN D. ALMOND
United States Magistrate Judge
June 2, 2006